IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICARDO DYSON, #12066-007       :

    Plaintiff       :

   v       :   Civil Action No. L-10-3348

ROBERT KOPPEL, *Warden*,       :
et al.
             :
    Defendants

**MEMORANDUM**

**Background**

Ricardo Dyson filed this action on November 29, 2010, while housed as a federal detainee at the Maryland Correctional Adjustment Center ("MCAC").[1] His original Complaint, received in letter form, appears to take issue with the failure of MCAC medical staff to provide him with a high-calorie diet and certain medical care as ordered by the Hemophilia Clinic of Johns Hopkins Hospital. See ECF No. 1. In his Court-ordered Supplemental Complaint, Dyson alleged that he is being denied a needed operation and/or pain medication. ECF No. 17. He

---

1  Dyson was charged with drug and gun possession and plead guilty to the gun possession charges on September 9, 2010. Judgment was entered on November 15, 2010, and Dyson was sentenced to consecutive terms totaling 93 months on counts of possession of a firearm in violation of 18 U.S.C. §§ 924(c) & 922(g). See United States v. Dyson, Criminal No. L-09-0636 (D. Md.). Federal inmates in the District of Maryland are housed at MCAC pending final designation by the Bureau of Prisons.
    Post-conviction correspondence from Dyson's defense attorney initially raised concerns that Dyson was being denied treatment for certain medical conditions (hemophilia, HIV, and a bulging hernia) while at MCAC and requested that he be transferred to a federal medical facility.

requests that the Court order MCAC to provide him with medical treatment or, in the alternative, that he be released. Id.[2]

Defendants, Warden Robert Koppel and Dr. Ross,[3] have each filed Motions to Dismiss. ECF Nos. 24 and 28. Dyson, who has been confined at the Federal Medical Center in Lexington, Kentucky since on or about June 10, 2011,[4] was fully informed of his rights and obligations to respond.[5] ECF Nos. 26 and 29. Dyson has submitted a copy of a "Complaint Form" allegedly filed by his mother against Dr. Ross and another individual identified only as "Nurse Anthony," ECF No. 27, as well as an unsigned Response to the Warden's Motion.[6] ECF No. 30. The Court has reviewed all documents and will, for reasons to follow, GRANT Defendants' Motions to Dismiss without oral hearing. See Local Rule 105.6 (D. Md. 2011).

**Standard of Review**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The court must, however, "assume the veracity [of well-pleaded factual allegations] and

---

[2] Approximately two months later, Dyson filed a second, substantially identical complaint. See ECF No. 8.
[3] Nowhere in the record, including the Motion to Dismiss filed on his behalf, is Dr. Ross's first name provided.
[4] Dyson's situs of confinement is confirmed by the Federal Bureau of Prisons Locator, his own correspondence, and Defendant Warden Koppel's Motion.
[5] See Roseboro v. Garrison, 528 F.2d. 309 (4th Cir. 1975).
[6] Dyson has also sent miscellaneous correspondence explicating his medical problems. See ECF No. 31.

then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**Analysis**

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Id. (quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. See Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1974). When developments during a case prevent the court from being able to grant the requested relief, the case must be dismissed. See Flast v. Cohen, 392 U.S. 83, 95 (1968).

Even affording Dyson's submissions a broad construction, it is clear that his complaints all center on the conditions to which he was subjected at MCAC and the fact that, while there, he was allegedly denied medical treatment. As previously noted, Dyson has since been transferred to a Bureau of Prisons Medical Facility in Kentucky. He is no longer subject to the authority of Warden Koppel or under the treatment of Dr. Ross. The Court is, therefore, without power to provide the relief he requests.

**Conclusion**

Because the issues presented in Dyson's Complaints are now moot, the Defendants' Motions to Dismiss must be granted. A separate Order follows.

January 25, 2012

/s/
_____
Benson Everett Legg
United States District Judge